DORE, Judge.
On July 18, 1942, by written contract of lease, plaintiff leased a farm of twenty acres to defendant for a term of five years at an annual rental of $40 per year, payable on or before the 20th day of April of the years 1943, 1944, 1945, 1946, and 1947. The lease further provides that “Whatever repairs are needed to the house, 'barn, fences or water pipes are to be repaired by party of the second part (defendant). Party of the first part (plaintiff) will also allow an option to party of the second part (defendant) to by (buy) the said property for the sum of $1500.00 during the rentals of the first two years. Purchasing option will expire on April 20, 1944. * * * Whatever repairs and upkeep will be required, party of the second part will repair at the expense of party of the second part. The necessary repairs as fence, house, barn and water pipes and which pipes and water well will be dug at the expense of party of the second part.”
Plaintiff brought this suit to recover for the last three years’ rental at $40 per year; for the value of repairs to the house, fence and barn which he alleges should have been made by defendant, amounting to $350; and for water pipes allegedly removed 'by the defendant from the premises, to the value of $100; making a total claim of $570.
The defendant, in answer, sets forth that he made all the necessary repairs required under the lease for his use of the premises; that on or about June 10, 1944, the lease was terminated by mutual consent, no mention was made of these alleged claims at that time, and the plaintiff received the premises from respondent as they were; that he did not remove any pipes from the premises; and that the plaintiff, by reason of his acceptance of the premises and the termination of the lease, is now estopped from asserting these alleged claims.
Upon these issues the suit was tried and resulted in a judgment in favor of the defendant and against the plaintiff, dismissing plaintiff’s suit at his costs. Plaintiff has appealed.
The trial judge did not give written reasons for his judgment. He evidently came to the cpnclusion that defendant had proven his defense to the suit.
The record discloses that defendant went into possession of the property and made such repairs that he considered necessary in order to live on the premises and remained thereon for the first two years. Prior to the end of the second year, defendant decided to avail himself of his option to purchase the property; he and his brother employed the services of an attorney to examine the title to the property. This examination revealed that the property was sold and adjudicated to the State of Louisiana for unpaid taxes. In June, 1944, a conference was had by the plaintiff and defendant in the office of defendant’s attorney. At this conference, defendant refused to buy the property until plaintiff redeemed the property from the State and plaintiff suggested that defendant apply to the State to homestead the property, and pay him a stipulated sum, which suggestion was refused by the defendant. After some argument, the plaintiff told the defendant to leave the property, as he, plaintiff, had another purchaser for the property. At that time, no mention ■ was m3.de of any further repairs being necessary and no-claim was made for future rent, a'nd plaintiff seemed anxious to obtain immediate possession of the property in order to sell the property to another prospective purchaser. The defendant took the plaintiff at his word and immediately moved off of the property, leaving the water pipes on the premises.
We find these facts not to be disputed by the plaintiff. These facts necesssarily depended on oral or parol testimony. The only error assigned by the plaintiff in this court for a reversal of the judgment is the admission of said parol evidence by the trial judge. He contends that regardless of his timely objection to said evidence, the trial judge permitted the said evidence to • be taken. At this time, we might say that we do not find any such objection made by the plaintiff to such testimony. However, had such objection been made and over- *91 iruled, the ruling of the trial judge would he correct. The evidence was offered to show •a subsequent agreement to abrogate and ■cancel the lease. In all the cases cited 'by the plaintiff, parol testimony was offered ■to show a verbal agreement prior to or con-' temporaneously to the signing of the lease.
For these reasons, the judgment appealed from is affirmed.